BANCO CONTINENTAL

v.

FIRST NATIONAL BANK OF GATLINBURG.

and

Dr. Douglas HEINSOHN

v.

BANKCO CONTINENTAL and Galo Nunez Del Arco.

No. CIV. 3–83–619.

United States District Court,
E.D. Tennessee, N.D.

Dec. 21, 1983.

Bernard E. Bernstein, Knoxville, Tenn., for plaintiff.

Francis W. Headman, Knoxville, Tenn., for 1st Nat. and Heinsohn.

## MEMORANDUM

ROBERT L. TAYLOR, Chief Judge.

This is an action on a letter of credit. The case is before the Court on plaintiff's motion to strike the answer of defendant First National Bank of Gatlinburg and on plaintiff's motion to reconsider the order granting Dr. Douglas Heinsohn's petition to intervene or, in the alternative, to sever the trial of the issues in the intervening petition from the trial of the issues in plaintiff's complaint.

As its answer to plaintiff's complaint, defendant First National Bank adopted the intervening petition filed by Dr. Douglas Heinsohn. Plaintiff says the intervening petition does not contain specific or general denials and does not respond to the averments of the original complaint. Therefore, plaintiff says defendant's answer incorporating the intervening petition fails to comply with Rule 8(b) of the Federal Rules of Civil Procedure and should be stricken. Rule 8(b) provides: "A party shall state in short and plain terms his defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies." Fed.R.Civ.P. 8(b). The Rules further provide that "[a]ll pleadings shall be so construed as to do substantial justice." Fed.R.Civ.P. 8(f).

The intervening petition specifically either admits or denies averments 1–11 of plaintiff's complaint. The intervening petition also pleads the affirmative defense of fraud in justification of the refusal to honor the letter of credit. Thus, the Court finds that defendant's answer incorporating the intervening petition fairly meets the substance of the averments in the complaint.

Therefore, plaintiff's motion to strike defendant's answer is denied.

Next, plaintiff asks this Court to reconsider its order granting the petition to intervene or, in the alternative, to sever the trial of plaintiff's complaint and the intervening petition. Plaintiff says that the intervention is not proper under Rule 24 of the Federal Rules of Civil Procedure. Plaintiff also says that intervention will unduly delay the trial.

Rule 24 provides for intervention of right "when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." Fed.R.Civ.P. 24(a). Permissive intervention is proper "when an applicant's claim or defense and the main action have a question of law or fact in common." Fed.R.Civ.P. 24(b).

If plaintiff is entitled to payment on the letter of credit regardless of petitioner's and defendant's allegations of irregularities, then petitioner should not be allowed to intervene. Therefore, to determine whether intervention is proper in this case, the Court must look to the law of letters of credit. The letter of credit at issue was drawn, and performance and payment thereon was to be made in Tennessee; therefore, the law of Tennessee applies. *Bossier Bank & Trust v. Union Planters National Bank,* 550 F.2d 1077, 1080 (6th Cir.1977). Tennessee has adopted the Uniform Commercial Code of Letters of Credit. Tenn.Code Ann. § 47–5–101, *et seq.* Under the Code, a bank issuing a letter of credit "must honor a draft or demand for payment which complies with the terms of the relevant [letter of] credit regardless of whether the goods or documents conform to the underlying contract for sale ...." Tenn.Code Ann. § 47–5–114(1). Thus, the obligation of the issuing bank to honor the letter of credit generally is independent of the underlying contract between the issuing

bank's customer and the beneficiary of the letter of credit. However, the Code provides for an exception to this rule. If the issuer can establish "fraud in the transaction", then the issuer is not obligated to honor the draft, unless the bank presenting the letter for payment can show that it was a holder in due course. Tenn.Code Ann. § 47–5–114(2); *Bank of Newport v. First National Bank*, 687 F.2d 1257 (8th Cir.1982). *See also Bossier Bank & Trust Co.*, 550 F.2d at 1082.

In the case *sub judice*, defendant and intervener both state that fraud exists in respect to the letter of credit documents and the underlying transaction. They also state that plaintiff is not a holder in due course for failure to give value for the letter of credit. The Court believes that intervention as of right is not appropriate. Intervener may protect his interest by bringing suit against the beneficiary or the presenting bank, pursuant to Tenn.Code Ann. § 47–5–111, or against the beneficiary on the underlying contract. However, the Court is of the opinion that permissive intervention is appropriate because both defendant's and intervener's defense to the payment of the letter of credit present a question of law or fact in common. The Court further believes that intervention will not unduly delay the trial or prejudice the adjudication of the rights of the original parties. Therefore, plaintiff's motion to reconsider or, in the alternative, to sever the intervening petition is denied.

Order Accordingly.